IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID LEE RUSSELL,

    Plaintiff,

v.                                                        Civil Action No. 5:15CV39
                                                                           (STAMP)
EDDIE ANDERSON, D.O.,
REBECCA GROVE, R.N., AHSA,
and MS. I. BRANNON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION TO DISMISS,
DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTED COUNSEL
AND OVERRULING PLAINTIFF'S OBJECTIONS**

    The pro se plaintiff filed this civil action asserting claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The case was referred to United States Magistrate Judge Michael John Aloi. The defendants filed a motion to dismiss or, alternatively, for summary judgment. Magistrate Judge Aloi issued a report recommending that the defendants' motion be granted. The plaintiff filed timely objections to the report and recommendation.

    I.    Background

    The plaintiff, David Lee Russell ("Russell"), alleges that he was subjected to cruel and unusual punishment at the federal correctional institution in Gilmer, West Virginia, ("FCI Gilmer") because medical staff was deliberately indifferent to his medical needs in treating his hypertension. Russell alleges that he sought

treatment from the defendants for symptoms of hypertension and that the defendants refused to perform proper medical procedures to stabilize his condition, resulting in hospitalization, a diagnosis of malignant hypertension and transient ischemic attack, and substantial weight loss. Specifically, on August 8, 2013, Russell reported to the Health Services Clinic ("the clinic") at FCI Gilmore. Russell presented with an elevated blood pressure, dizziness, nausea, and other symptoms of severe hypertension. He was seen by Rebecca Grove ("Grove"), a Health Systems Specialist at FCI Gilmer, and Eddie Anderson, M.D. ("Dr. Anderson"). Russell told them that he had not taken his prescribed hypertension medication that morning. Grove and Dr. Anderson examined Russell, noting his high blood pressure and instructed him to return to the housing unit and to take his medication and to return to the clinic if his symptoms worsened. Russell asked Izetta Brannon ("Brannon"), a Health Information Technician, for a wheelchair to return to the housing unit. Brannon allegedly refused, then, after speaking with Grove, she provided Russell transportation back to the housing unit.

Russell returned to the clinic that afternoon with the same symptoms and stated that he took his medication after returning to his cell that morning. He was examined by Christina Gherke, PA-C. His blood pressure continued to increase, and he was given clonidine to stabilize his blood pressure and was taken to the

emergency room at Stonewall Jackson Memorial Hospital. The doctors at the hospital examined him fully and diagnosed him with essential poorly controlled hypertension, vertigo, hiccoughs, constipation, and apparent hypothyroidism. Russell was then discharged.

The magistrate judge concluded that Grove has absolute immunity from <u>Bivens</u> suits and that Russell's allegations do not constitute a claim for a violation of his Eight Amendment rights. Russell filed timely objections to the report and recommendation. Russell also previously filed a motion for appointed counsel, which the magistrate judge recommends denying as moot.

## II. <u>Applicable Law</u>

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

To survive a motion to dismiss under Rule 12(b)(6), "a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). This plausibility

standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff is plausibly entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not a probability requirement, but asks for more than a sheer possibility that a defendant has acted unlawfully." Hall v. DirectTV, 846 F.3d 757, 765 (4th Cir. 2017). "[C]ourts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." Id. "[A] [pleading] is to be construed liberally so as to do substantial justice." Id. (internal quotation marks omitted). Further, this Court must liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 2007). However, while the plaintiff's allegations are assumed to be true, Erickson, 551 U.S. at 93, this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, id., or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against that party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his

pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Moreover, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted). The nonmoving party must produce "more than a 'scintilla'" of evidence "upon which a jury could properly proceed to find a verdict for the party producing it." Id. (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 251).

## III. Discussion

A. Public Health Services Act Immunity

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, generally authorizes suits against the United States for damages caused by federal employees in the course of their employment. The Public Health Services Act ("PHSA"), 42 U.S.C. § 233(a), provides that the "FTCA remedy against the United States [is] 'exclusive of any other civil action or proceeding' for any personal injury caused by [a United States Public Health Service] officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'" Hui v. Castaneda, 559 U.S. 799, 802 (2010) (quoting 45 U.S.C. § 223(a)). The Supreme Court has held that § 233(a) expressly precludes a

6

Bivens action brought against Public Health Service officials for harms arising out of their conduct in performing a medical or related function while acting within the scope of their office or employment, in effect providing such officials with absolute immunity to Bivens actions. Id. at 802.

At the time of Russell's alleged claims, Grove was a Health Systems Specialist at FCI Gilmer and a Commissioned Officer in the United States Public Health Service. ECF No. 40-11. Russell's claims against Grove arise out of her provision of medical care to him. Thus, under § 223(a) of the PHSA, Grove has absolute immunity for any Bivens claim Russell may have against her.[1] His sole remedy for her alleged actions is under the FTCA. Accordingly, this Court adopts and affirms the magistrate judge's conclusion as to this issue.

B. Deliberate Indifference Claims

The Eighth Amendment's prohibition of cruel and unusual punishments covers "the treatment a prisoner receives in prison and the conditions under which he is confined," Helling v. McKinney, 509 U.S. 25, 31 (1993), including the provision of medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[A] prison official's 'deliberate indifference to serious medical needs of

---

[1]This Court notes that the defendants assert that Grove is the only defendant who was a Commissioned Officer in the United States Public Health Service at the time of the plaintiff's allegations and that Grove is the only defendant entitled to absolute immunity under the PHSA.

7

prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To state a claim for an Eighth Amendment violation, a prisoner must establish that: (1) "the deprivation alleged [was], objectively, 'sufficiently serious'" and (2) the "prison officials acted with a 'sufficiently culpable state of mind.'" Id. (alteration in original) (internal quotation marks omitted) (quoting Farmer, 511 U.S. at 834).

Under the first "objective" prong, an official's actions are "sufficiently serious" if the deprivation is "extreme," "meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions." Id. (internal quotation marks omitted) (alteration in original). Where the prisoner alleges deprivation of medical care, the prisoner must establish "a 'serious' medical need that has either been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (alteration in original) (internal quotation marks omitted).

Under the second "subjective" prong, prison officials must have acted with deliberate indifference. Id. "To prove deliberate indifference, plaintiffs must show that 'the official kn[ew] of and

disregard[ed] an excessive risk to inmate health or safety.'" Id. (alterations in original) (quoting Farmer, 511 U.S. at 297). "[T]he plaintiff must show that the official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . dr[ew] th[at] inference.'" Id. (alterations and emphasis in original) (quoting Farmer, 511 U.S. at 297). Where the prisoner alleges deprivation of medical care, the prisoner must show "the official's actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Id. at 226 (internal quotation marks omitted) (brackets omitted). The prisoner must prove either that the official had actual knowledge of the medical condition and risk or that the risk was obvious. Id. Moreover, a claim for deliberate indifference requires more than mere negligence, as "deliberate indifference describes a state of mind more blameworthy than negligence," Farmer, 511 U.S. at 835, and "even officials who acted with deliberate indifference may be 'free from liability if they responded reasonably to the risk.'" Scinto, 841 F.3d at 226 (quoting Farmer, 511 U.S. at 844).

Russell's core claim is that the defendants were deliberately indifferent to his need for medical care relating to his serious hypertension because they released him after his first visit to the clinic. Russell was previously diagnosed with hypertension and prescribed medication to treat his condition. Russell presented at

9

the clinic with elevated blood pressure, dizziness, nausea, and other symptoms of severe hypertension. Grove and Dr. Anderson examined Russell. Russell told them that he had not taken his prescribed hypertension medication that morning, and the defendants instructed him to return to the housing unit, to take his medication, and to return if his symptoms worsened. He was provided transportation back to the housing unit. Russell took his medication, but his symptoms worsened and he returned to the clinic with further symptoms of severe hypertension, resulting in his being taken to the hospital.

Grove and Dr. Anderson had actual knowledge of Russell's hypertension, of his prescribed treatment, and of his symptoms that morning. They treated him in accordance with his existing treatment plan by directing him to take his prescribed medication and to return to the clinic if his symptoms worsened. At most, the defendants were negligent in discharging Russell to the housing unit without further monitoring after ensuring that he took his medication. However, they were not deliberately indifferent to his medical needs. The Eighth Amendment requires reasonable attention to serious medical needs; it does not require perfect medical care or ideal treatment. Scinto, 841 F.3d at 226. The complaint and materials presented to this Court clearly show that the defendants reasonably cared for Russell's serious medical needs.

IV. <u>Conclusion</u>

For the above reasons, the magistrate judge's report and recommendation (ECF No. 53) is ADOPTED AND AFFIRMED. The defendants' motion to dismiss or, alternatively, for summary judgment (ECF No. 39) is GRANTED. The plaintiff's motion for appointed counsel (ECF No. 51) is DENIED AS MOOT, and the plaintiff's objections to the report and recommendation (ECF No. 58) are OVERRULED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made or those that this Court otherwise determined <u>de novo</u>, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 21, 2017

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE